IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARISMA GROUP, LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:08-CV-1268-L** |
| v. | § | |
| | § | |
| **TROUT & ZIMMER, INC.; TYCO** | § | |
| **INTERNATIONAL (US), INC.;** | § | |
| **COVIDIEN, INC.; COVIDIEN AG;** | § | |
| **MARKSMEN, INC.; INTERBRAND** | § | |
| **CORPORATION; and KELLY** | § | |
| **HARDY** *aka* **OLIVIA LEE**, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendants[] Trout & Zimmer, Inc. and Kelly Hardy's Motion to Dismiss

Plaintiff's Third Amended Complaint Pursuant to Federal Rules of Civil Procedure 9(b) and

12(b)(6), filed January 12, 2009.  After consideration of the motion, response, reply, briefs, record,

and applicable law, the court **denies without prejudice** Defendants Trout & Zimmer, Inc. and Kelly

Hardy's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Federal Rules of Civil

Procedure 9(b) and 12(b)(6).

**I.      Factual and Procedural Background**

Plaintiff Arisma Group, LLC ("Arisma" or "Plaintiff") filed its Original Petition & Request

for Disclosure on January 11, 2008, in the 192nd Judicial District of Dallas County, Texas, against

Olivia Lee and Trout & Zimmer, Inc. ("Trout & Zimmer") and alleged fraudulent inducement,

fraudulent misrepresentation, and fraud by non-disclosure.  On June 26, 2008, Arisma filed its First

Amended Petition & Request for Disclosure, which added Tyco International (US), Inc. ("Tyco")

and Covidien, Inc. ("Covidien") as defendants and sought rescission or, in the alternative, an

unspecified amount of monetary damages. Arisma amended its petition for the second time on July

14, 2008, to specify that the amount of monetary damages sought in the alternative was $6,000,000

and add a claim for negligent misrepresentation. The defendants removed the action to this court

on July 25, 2008. Arisma filed its Third Amended Complaint ("Complaint") on December 24, 2008,

and added Covidien AG, Interbrand Corporation ("Interbrand"), Marksmen, Inc. ("Marksmen"), and

Kelly Hardy *aka* Olivia Lee ("Kelly Hardy") as defendants (Trout & Zimmer, Tyco, Covidien,

Interbrand, Marksmen, Kelly Hardy, collectively "Defendants"). Arisma also withdrew its demand

for monetary damages and again seeks only rescission of the contract, return of the domain name,

court costs, and attorneys' fees. Arisma asserts claims for fraudulent inducement, fraudulent

misrepresentation, fraud by non-disclosure, and negligent misrepresentation.

Plaintiff alleges that Tyco hired Interbrand to develop a new name for the healthcare division

of Tyco and that after learning that Arisma owned the sought-after domain name "Covidien.com,"

Tyco and Interbrand engaged in a scheme to manipulate Swiss and United States trademark laws to

enhance their prospects of acquiring the domain name. Compl. ¶¶ 18, 19. Plaintiff also alleges that

Tyco caused Covidien AG, Tyco's affiliate, to register the trademark on the Swiss trademark

registry, which allowed Defendants to also register with the United States Patent and Trademark

Office without having to claim a date of first use. *Id.* ¶ 19. Plaintiff further alleges that Defendants

Tyco, Interbrand, and Marksmen decided to use Kelly Hardy to acquire the domain name

"Covidien.com" so that the true identity of the purchaser would not be revealed. *Id.* Plaintiff

asserts that Kelly Hardy represented to Israel Denis, owner of Arisma, that the prospective purchaser

**Memorandum Opinion and Order – Page 2**

was a "mom and pop shop that does not have a lot of money." *Id.* ¶ 22. (quotations omitted). Plaintiff also asserts that after an initial offer of $1,500 and subsequent negotiation, Kelly Hardy again stated that her client was a "mom and pop shop [who] simply could not afford to pay much more." *Id.* ¶ 23. Plaintiff further asserts that after it agreed to sell the domain name for $13,000, an escrow account was suggested by Hardy and used in furtherance of the plan to conceal the true identity of the purchasers of the domain name. *Id.* ¶ 24.

## II.      Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*,

**Memorandum Opinion and Order – Page 3**

197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.    Analysis

### A.    Fraud and Negligent Misrepresentation Claims

#### 1.    Rule 9(b)'s Particularity Requirement

Defendants Trout & Zimmer and Kelly Hardy ("Moving Defendants") argue that Arisma fails to plead its fraudulent inducement, fraudulent misrepresentation, fraud by non-disclosure, and negligent misrepresentation claims with the particularity required by Rule 9(b).  Plaintiff responds that it pleaded fraud with the required particularity and that even if it did not, the appropriate remedy is to allow it to replead.  Moving Defendants reply that Plaintiff acknowledges its failure to comply

with the requirements of Rule 9(b) by conceding that it failed to plead specific dates and locations of the statements and ignored their argument related to identifying the particular method of communication.

Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (quotations omitted).  To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Tuchman v. DCS Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quotations omitted).

The heightened pleading requirements of Rule 9(b) are applied to negligent misrepresentation claims when an independent factual basis is not urged. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003); s*ee also Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998).  In this case, Plaintiff's fraudulent inducement, fraudulent misrepresentation, fraud by non-disclosure, and negligent misrepresentation claims are based upon the same factual allegations.  Therefore, they require pleading with particularity under Rule 9(b), and the court will consider them together.

During the course of negotiating the purchase price for the domain name at issue, Plaintiff alleges that Kelly Hardy told Israel Denis that the prospective purchaser was a "mom and pop shop" that "[does] not have a lot of money."  Compl. ¶¶ 22, 23.  These allegations specify the contents of the allegedly fraudulent statements and identify the speaker.  Plaintiff also alleges that "Hardy,

posing all along as Olivia Lee, never disclosed in any way that the true purchaser of the domain name was the now former healthcare division of Tyco." *Id.* ¶ 24.   Plaintiff further alleges that "anyone who was approached by Tyco or Interbrand for the purpose of purchasing a domain name would demand a high price" and that this was the reason the fraudulent statements were used to conceal the identity of the purchaser. *Id.* ¶ 21.   These allegations specify the reason why the statement that the purchaser of the domain name was a "mom and pop shop" was fraudulent; however, because the Complaint fails to allege the specific dates on which these statements were made and where these statements were made, it fails to allege these claims with the particularity required under Rule 9(b).

### 2.   Material Misrepresentation Requirement

Moving Defendants argue that even if the allegedly fraudulent statements were made, they were merely vague, loose, conjectural or exaggerated statements rather than statements of material fact.   Moving Defendants also argue that their claims are merely negotiating ploys and opinions of monetary value.   Plaintiff argues that Kelly Hardy knew she was Arisma's only source of information and that she intentionally misstated the financial resources and market reach of Covidien and Tyco, the end-users of the domain name.

To recover for common law fraud in Texas, a party must prove that:

(1)   a material representation was made;
(2)   the representation was false;
(3)   when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;
(4)   the speaker made the representation with the intent that the other party should act upon it;
(5)   the party acted in reliance on the representation; and
(6)   the party thereby suffered injury.

**Memorandum Opinion and Order – Page 6**

*In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).   "Whether a statement is an actionable statement of 'fact', or merely one of 'opinion' often depends on the circumstances in which a statement is made." *Transport Ins. Co v. Faircloth*, 898 S.W.2d 269, 276–77 (Tex. 1995). The circumstances relevant to this determination are "the statement's specificity, the speaker's knowledge, the comparative levels of the speaker's and hearer's knowledge, and whether the statement relates to the present or the future." *Id.*   When asked the identity of the purchasing company, Plaintiff alleges that "Hardy specifically told Denis that the prospective purchaser [of the domain name] was a small mom and pop shop."  Compl. ¶ 22.  Plaintiff also alleges that it believed that a "small mom and pop shop" would not invade its use of the "Covidien" name in the healthcare market.  *Id.*  Plaintiff further alleges that after it expressed concern that the purchaser of the domain name might be a competitor, Hardy again represented that the purchaser was a "mom and pop shop." *Id.* ¶ 23.  Viewing these facts in the light most favorable to Plaintiff, the court determines that it has stated a claim that is plausible on its face.  Accordingly, Plaintiff has pleaded a claim for material misrepresentation.

### B.      Conspiracy as a Theory of Recovery

Moving Defendants argue that although Plaintiff alleges somewhat broader facts regarding conspiracy, this theory of recovery is based upon allegations of fraud and therefore triggers the requirements of Rule 9(b).  Plaintiff responds that it describes the conspiracy in detail and includes each defendant's role in the conspiracy.  Moving Defendants reply that Plaintiff fails to allege a conspiracy to defraud with the requisite particularity and that each defendant's role in the conspiracy was not pleaded with particularity.

**Memorandum Opinion and Order – Page 7**

Under Texas law, there is no independent tort of conspiracy. *Four Bros. Boat Works, Inc. v. Tesoro Petrol. Co., Inc.*, 217 S.W.3d 653, 667 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). "[A] defendant's liability is derivative of an underlying tort; without independent tortious conduct, there is no actionable civil conspiracy claim." *Tifford v. Tandem Energy Corp.*, 562 F.3d 699, 709 (5th Cir. 2009).

Although Plaintiff fails to allege a specific underlying tort, it alleges a general conspiracy to defraud. Compl. ¶ 48. To the extent that Plaintiff bases its conspiracy claim on its underlying claims for fraudulent inducement, fraudulent misrepresentation or fraud by non-disclosure, Plaintiff's conspiracy claim is deficient. As previously stated, Plaintiff's fraud claims are not pleaded with the particularity required by Rule 9(b). Therefore, Plaintiff has no properly pleaded tort upon which to base its conspiracy claim.

### C.      Argument Regarding Relief Sought Against Moving Defendants

Moving Defendants argue that Plaintiff seeks no relief from Kelly Hardy or Trout & Zimmer because the domain name is not in their possession. Plaintiff responds that their request for return of the domain name includes rescission of the underlying transaction to which Kelly Hardy and Trout & Zimmer were a party. Plaintiff alleges that Kelly Hardy contacted Israel Denis regarding the purchase of the domain name and that she created a Trout & Zimmer e-mail address to facilitate its purchase. Compl. ¶ 20. Plaintiff also alleges that Kelly Hardy used misrepresentation and deceit to obtain the domain name for a lower purchase price. *Id.* ¶¶ 23, 24. Based on these allegations, Kelly Hardy and Trout & Zimmer are properly named as defendants because they committed the allegedly fraudulent acts upon which Plaintiff's rescission claim is based and were parties to the transaction that Plaintiff seeks to rescind.

**Memorandum Opinion and Order – Page 8**

**D.      Plaintiff's Request for Leave to Amend**

Plaintiff asks for leave to amend its complaint if the court determines that it has failed to state its claims with the requisite particularity.   The court determines that the defects in Plaintiff's complaint are not necessarily incurable and that leave should be granted to allow Plaintiff to replead its claims.  *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).   The court therefore **denies without prejudice** the motion to dismiss and **orders** Plaintiff to file an amended complaint to address the pleading deficiencies by **July 15, 2009**.  *Because Plaintiff has already had four "bites at the apple," the court will allow no further amendments with respect to these claims.*

**IV.     Conclusion**

For the reasons stated herein, the court **denies without prejudice** Defendants Trout & Zimmer, Inc. and Kelly Hardy's Motion to Dismiss Plaintiff's Third Amended Complaint.  Plaintiff shall file its amended complaint no later than **July 15, 2009**.

Additionally, Moving Defendants ask that the court stay discovery pending the court's ruling on their motion to dismiss.   Because the court herein rules on the motion to dismiss, Moving Defendants' request to stay discovery pending ruling on the motion is moot.   Accordingly, the court **denies as moot** Moving Defendants' request to stay discovery during the pendency of their motion to dismiss.

**It is so ordered** this 26th day of June, 2009.

Sam A. Lindsay
United States District Judge