IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARISMA GROUP, LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:08-CV-1268-L** |
| v. | § | |
| | § | |
| **TROUT & ZIMMER, INC.; TYCO** | § | |
| **INTERNATIONAL (US), INC.;** | § | |
| **COVIDIEN, INC.; COVIDIEN AG;** | § | |
| **MARKSMEN, INC.; INTERBRAND** | § | |
| **CORPORATION;** and **KELLY** | § | |
| **HARDY** *aka* **OLIVIA LEE**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Marksmen, Inc.'s Motion to Dismiss Plaintiff's Third

Amended Complaint Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), filed March

2, 2009.  After consideration of the motion, response, reply, briefs, record, and applicable law, the

court **grants in part** and **denies in part** Defendant Marksmen, Inc.'s Motion to Dismiss Plaintiff's

Third Amended Complaint Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## I.     Factual and Procedural Background

Plaintiff Arisma Group, LLC ("Arisma" or "Plaintiff") filed its Original Petition & Request

for Disclosure on January 11, 2008, in the 192nd Judicial District of Dallas County, Texas, against

Olivia Lee and Trout & Zimmer, Inc. ("Trout & Zimmer") and alleged fraudulent inducement,

fraudulent misrepresentation, and fraud by non-disclosure.  On June 26, 2008, Arisma filed its First

Amended  Petition & Request for Disclosure, which added Tyco International (US), Inc. ("Tyco")

and Covidien, Inc. ("Covidien") as defendants and sought rescission or, in the alternative, an unspecified amount of monetary damages. Arisma amended its petition for the second time on July 14, 2008, to specify that the amount of monetary damages sought in the alternative was $6,000,000 and add a claim for negligent misrepresentation. The defendants removed the action to this court on July 25, 2008. Arisma filed its Third Amended Complaint on December 24, 2008, and added Covidien AG, Interbrand Corporation ("Interbrand"), Marksmen, Inc. ("Marksmen"), and Kelly Hardy *aka* Olivia Lee ("Kelly Hardy") as defendants (Trout & Zimmer, Tyco, Covidien, Interbrand, Marksmen, Kelly Hardy, collectively "Defendants"), asserting claims for fraudulent inducement, fraudulent misrepresentation, fraud by nondisclosure, and negligent misrepresentation. Arisma's Third Amended Complaint also withdrew the demand for monetary damages, instead seeking only rescission of the contract, return of the domain name, court costs, and attorneys' fees. On June 26, 2009, the court denied a Motion to Dismiss Plaintiff's Third Amended Complaint filed by Kelly Hardy and Trout & Zimmer, but ordered Arisma to replead its fraud claims with greater specificity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. Arisma filed its Fourth Amended Complaint ("Complaint") on July 15, 2009, to comply with that order.

Plaintiff alleges that Tyco hired Interbrand to develop a new name for the healthcare division of Tyco and that after learning that Arisma owned the sought-after domain name "Covidien.com," Tyco and Interbrand engaged in a scheme to manipulate Swiss and United States trademark laws to enhance their prospects of acquiring the domain name. Compl. ¶¶ 18, 19. Plaintiff also alleges that Tyco caused Covidien AG, Tyco's affiliate, to register the trademark on the Swiss trademark registry, which allowed Defendants to also register with the United States Patent and Trademark Office without having to claim a date of first use. *Id.* ¶ 19. Plaintiff further alleges that Defendants

Tyco, Interbrand, and Marksmen decided to use Kelly Hardy to acquire the domain name "Covidien.com" so that the true identity of the purchaser would not be revealed. *Id.* ¶ 20. Plaintiff asserts that Kelly Hardy represented to Israel Denis, owner of Arisma, that the prospective purchaser was a "mom and pop shop that does not have a lot of money." *Id.* ¶ 23. (quotations omitted). Plaintiff also asserts that after an initial offer of $1,500 and subsequent negotiation, Kelly Hardy again stated that her client was a "mom and pop shop [who] simply could not afford to pay much more." *Id.* ¶ 24. Plaintiff further asserts that after it agreed to sell the domain name for $13,000, an escrow account was suggested by Hardy and used in furtherance of the plan to conceal the true identity of the purchasers of the domain name. *Id.* ¶ 25.

## II.    <u>Standard for Dismissal Pursuant to Rule 12(b)(6)</u>

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

*Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.    Analysis

The court first considers whether Marksmen's motion should be denied as moot because Arisma has since filed an amended complaint. As one well-respected treatise has noted:

> Defendants should not be required to file a new motion to dismiss simply because
> an amended pleading was introduced while their motion was pending. If some of the
> defects raised in the original motion remain in the new pleading, the court may

> simply consider the motion as being addressed to the amended pleading. . . .  To hold
> otherwise would be to exalt form over substance.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1476.  The court

adopts this reasoning and will consider Marksmen's motion as it applies to Plaintiff's Fourth

Amended Complaint.  Marksmen makes several arguments in support of its motion, each of

which the court will address in turn.

### A.    Material Misrepresentation Requirement

Marksmen first contends that Arisma has failed to allege any material misrepresentations,

as required for Arisma's fraud-based claims to be actionable.  The court addressed this same issue,

raised by Defendants Kelly Hardy and Trout & Zimmer, in its June 26, 2009 memorandum opinion

and order denying Defendants Kelly Hardy and Trout & Zimmer's Motion to Dismiss Plaintiff's

Third Amended Complaint.  The court concluded that, viewing the facts pleaded in the Complaint

in the light most favorable to Plaintiff, Arisma has stated claims that are plausible on their face.

Ct.'s June 26, 2009 Mem. Op. Order at 6-7.  The court stands by its original ruling on this matter.

### B.    Rule 9(b)'s Particularity Requirement

Next, Marksmen contends that Arisma has failed to allege the elements of its fraud-based

claims with the amount of particularity required by Rule 9(b) of the Federal Rules of Civil

Procedure.  The court also considered this issue in its June 26, 2009 memorandum opinion and

order,  and ordered Arisma to amend its complaint one last time to meet the requirements of Rule

9(b).  Arisma has since filed its Fourth Amended Complaint on July 15, 2009, adding specific dates

and details to its allegations to comport with the court's order.  The court is satisfied that Plaintiff's

Fourth Amended Complaint sufficiently describes the alleged fraud with "the particulars of time,

place, and contents of the false representations, as well as the identity of the person making the

misrepresentation and what that person obtained thereby." *Tuchman v. DCS Commnc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

Arisma has alleged the specific dates that Kelly Hardy made her representations to Arisma (December 19, 2006 and January 3-4, 2007), and has further described the methods through which she made them (via e-mail and telephone).  Compl. ¶¶ 22, 23.  These details are precisely what the court ordered Arisma to include in an amended complaint, pursuant to its June 26, 2009 memorandum opinion and order.  Arisma has therefore met the particularity requirement of Rule 9(b) in its Complaint, and thus Marksmen's arguments as to the shortcomings of the allegations in Plaintiff's Third Amended Complaint are moot.

### C.    Relief Sought Against Marksmen

Marksmen also contends that Arisma seeks no relief from it, because the domain name is not in its possession, thus making Marksmen an improper defendant.  The court also addressed this argument in its June 26, 2009 memorandum opinion and order, as raised by defendants Kelly Hardy and Trout & Zimmer.  The court concluded that both of those defendants were properly named because Plaintiff made allegations that they committed the acts upon which Plaintiff's rescission claim is based, and were parties to the transaction Plaintiff seeks to rescind.  Here, the same is true of Marksmen.  Arisma contends that Marksmen had significant involvement with the alleged fraud that took place.  Arisma indicates that Interbrand retained Marksmen for the acquisition of the domain name and that Kelly Hardy was the Marksmen employee who initiated the alleged fraud. Compl. ¶ 20.   Standing by its prior ruling, the court determines that Marksmen is a properly named defendant because Arisma's claims allege that Marksmen was intricately involved as a party to the transaction that Arisma now seeks to rescind.

### D.       Rescission as a Remedy for Negligent Misrepresentation

Marksmen further contends that rescission is not an available remedy for Arisma's negligent misrepresentation claim, and that the claim must accordingly be dismissed. The Texas Supreme Court has made clear that, unlike fraudulent inducement, the "benefit of the bargain measure of damages is not available for a claim of negligent misrepresentation." *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663 (1998). Although Arisma requests rescission, which is only loosely analogous to receiving "the benefit of the bargain," the Texas Supreme Court nevertheless expressed a strong desire to limit the permitted type of recovery in negligent misrepresentation claims. "The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for pecuniary loss to him . . . ." *Id.* (citing Restatement (Second) of Torts § 552B (1977)). This standard indicates that out-of-pocket damages is the type of relief that a court should award to a plaintiff who prevails on such a claim, not rescission, because the focus is on restoring pecuniary loss, rather than undoing prior negligent business transactions.

Arisma has not requested out-of-pocket damages from this court. The only relief that Arisma requests is the equitable remedy of rescission. Rule 8(a)(3) of the Federal Rules of Civil Procedure requires a plaintiff to demand specifically the type of relief sought in an action, which may include relief in the alternative. Fed. R. Civ. P. 8(a)(3). Although Arisma pleads its claim for negligent misrepresentation as an alternative to its fraud-based claims, Arisma requests no relief in the alternative that the court is able to award. The court therefore cannot redress Plaintiff's claim for negligent misrepresentation, and must dismiss it pursuant to Rule 12(b)(6).

**E.      Statute of Limitations for Negligent Misrepresentation**

Marksmen finally contends that Arisma's negligent misrepresentation claim is further barred by the applicable two-year statute of limitations because the alleged misrepresentations by Kelly Hardy first occurred on December 19, 2006, and Marksmen was added as a defendant in this action more than two years later on December 24, 2008. As the court has already determined that Arisma's claim for negligent misrepresentation will be dismissed for want of available relief, this argument is moot and the court will not consider it.

**IV.    <u>Conclusion</u>**

For the reasons stated herein, the court **grants in part** Defendant Marksmen, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint, and Arisma's claim in the alternative for negligent misrepresentation is **dismissed with prejudice**. In all other respects, Defendant Marksmen, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint is **denied**, and Arisma's fraud-based claims remain live.

Additionally, Marksmen asks that the court stay discovery pending the court's ruling on its motion to dismiss. Because the court herein rules on the motion to dismiss, Marksmen's request to stay discovery pending ruling on the motion is moot. Accordingly, the court **denies as moot** Marksmen's request to stay discovery during the pendency of its motion to dismiss.

**It is so ordered** this 25th day of September, 2009.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 8**