IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARISMA GROUP, LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1268-L** |
| | § | |
| **TROUT & ZIMMER, INC.; TYCO** | § | |
| **INTERNATIONAL (US), INC.;** | § | |
| **COVIDIEN, INC.; COVIDIEN AG;** | § | |
| **MARKSMEN, INC.; INTERBRAND** | § | |
| **CORPORATION;** and **KELLY** | § | |
| **HARDY** *aka* **OLIVIA LEE**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) Defendants Trout & Zimmer, Inc., Marksmen, Inc. and Kelly Hardy's Motion for Summary Judgment, filed September 18, 2009; (2) Motion for Summary Judgment of Defendants Covidien, Inc., Covidien AG, TYCO International (US), Inc., and Interbrand Corporation, filed September 18, 2009; (3) Defendants' Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence, filed October 23, 2009; and (4) Defendants' Objections and Motion to Strike and Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, filed October 23, 2009. After consideration of the motions, responses, replies, briefs, appendices, record, and applicable law, the court **grants** Defendants Trout & Zimmer, Inc., Marksmen, Inc. and Kelly Hardy's Motion for Summary Judgment and **grants** Motion for Summary Judgment of Defendants Covidien, Inc., Covidien AG, TYCO International (US), Inc., and Interbrand Corporation. The court **overrules and denies as moot** Defendants' Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence and **overrules and denies as moot**

**Memorandum Opinion and Order – Page 1**

Defendants' Objections and Motion to Strike and Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment.

## I.    Factual and Procedural Background

Plaintiff Arisma Group, LLC ("Arisma" or "Plaintiff") filed its Original Petition & Request for Disclosure on January 11, 2008, in the 192nd Judicial District of Dallas County, Texas, against Olivia Lee and Trout & Zimmer, Inc. ("Trout & Zimmer") and alleged fraudulent inducement, fraudulent misrepresentation, and fraud by nondisclosure.  On June 26, 2008, Arisma filed its First Amended Petition & Request for Disclosure, which added Tyco International (US), Inc. ("Tyco") and Covidien, Inc. ("Covidien") as defendants and sought rescission or, in the alternative, an unspecified amount of monetary damages.  Arisma amended its petition for the second time on July 14, 2008, to specify that the amount of monetary damages sought in the alternative was $6,000,000 and to add a claim for negligent misrepresentation.  The defendants removed the action to this court on July 25, 2008.  Arisma filed its Third Amended Complaint on December 24, 2008, and added Covidien AG, Interbrand Corporation ("Interbrand"), Marksmen, Inc. ("Marksmen"), and Kelly Hardy *aka* Olivia Lee ("Hardy") as defendants (Trout & Zimmer, Tyco, Covidien, Interbrand, Marksmen, Hardy, collectively "Defendants"), asserting claims for fraudulent inducement, fraudulent misrepresentation, fraud by nondisclosure, and a claim in the alternative for negligent misrepresentation.  Arisma's Third Amended Complaint also withdrew the demand for monetary damages, instead seeking only rescission of the contract, return of the domain name, court costs, and attorney's fees.

On June 26, 2009, the court denied a Motion to Dismiss Plaintiff's Third Amended Complaint filed by Hardy and Trout & Zimmer, but ordered Arisma to replead its fraud claims with

greater specificity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. Arisma filed its Fourth Amended Complaint on July 15, 2009, to comply with that order. Thereafter, on September 25, 2009, the court granted in part Defendant Marksmen, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint, and dismissed Arisma's claim in the alternative for negligent misrepresentation. Arisma's remaining claims now pending before the court are for fraudulent misrepresentation, fraudulent inducement, and fraud by nondisclosure.

The happenings in this case are hotly contested by the parties. The court will accordingly summarize only the facts that are undisputed. In 2006, the healthcare division of Tyco International, Ltd. ("Tyco Ltd.") split from the company to form a separate entity. Sherwood Services AG, which later became Covidien AG, was the Tyco Ltd. subsidiary tasked with the branding and naming of the new healthcare entity. Sherwood Services AG hired Interbrand to assist with this task and, by November 2006, Interbrand had developed the preferred name "Covidien." As part of the new entity's—that is, Covidien's—development, Interbrand sought to acquire the domain name "covidien.com," which was then owned by Arisma. To this end, Interbrand retained Marksmen to purchase the domain name anonymously on Interbrand's behalf. Marksmen assigned the handling of the purchase to its employee Hardy, who contacted Israel Denis ("Denis"), the president of Arisma, on December 19, 2006, via e-mail. In her e-mail, Hardy used the pseudonym "Olivia Lee" and represented herself as being affiliated with Trout & Zimmer, a common practice used to shroud Marksmen's clients in anonymity. Negotiation ensued thereafter between Hardy and Denis through telephone and e-mail in the following weeks. Ultimately, the two reached an agreement: Denis would sell the "covidien.com" domain name to Hardy's buyer for $13,000. The agreement was finalized on January 4, 2007, and the sale was effected on January 22, 2007. Several days later,

Denis learned that the ultimate acquirer of the domain name was the new healthcare entity Covidien that had originally been affiliated with Tyco Ltd.

Upon learning that Tyco Ltd.'s previous healthcare division was the ultimate acquirer, Arisma filed suit against Defendants, alleging fraud.  Specifically, it alleges that Hardy made representations to Denis over the phone that the buyer was a "small mom and pop shop" that "did not have a lot of money."  Further, it alleges that Denis impressed upon Hardy that he would only sell the "covidien.com" domain name to an entity that was not involved in the healthcare business, as he feared competition and preclusion from serving healthcare markets under the Covidien name. Arisma contends that Hardy wrongfully assured Denis that the end buyer was not in the healthcare industry.  Defendants dispute making any of these alleged representations, argue that there is no evidence to support any of Plaintiff's fraud claims, and request that the court grant their motion for summary judgment.

## II.      Legal Standard – Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most

favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case

and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.   Analysis

The court will first address Defendants Trout & Zimmer, Inc., Marksmen, Inc. and Kelly Hardy's Motion for Summary Judgment in its analysis because it believes that the motion is dispositive of all claims raised by Arisma. The court's ruling on this motion therefore affects whether the Motion for Summary Judgment of Defendants Covidien, Inc., Covidien AG, TYCO International (US), Inc., and Interbrand Corporation should be granted.

### A.   Fraudulent Misrepresentation and Fraudulent Inducement Claims

Arisma's fraudulent misrepresentation and fraudulent inducement claims require a showing of fraud. Fraudulent inducement, however, additionally requires that the defrauded party was induced to enter into a binding agreement as a result of the fraud. Because it is undisputed that the parties entered into a contract for the sale of the "covidien.com" domain name, and because the contract arose out of the representations made by Hardy to Denis, the court need not analyze this additional element. The court's analysis of fraud, therefore, will be applicable to both claims, and the court will consider the two of them together.

To prevail on a claim for fraud under Texas law, the following elements must be proved: 1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation, and (6) the party thereby

suffered injury.  *Lane v. Halliburton*, 529 F.3d 548, 564 (5th Cir. 2008) (citations omitted).  The court will analyze each element in turn.

### 1.      Material Representation

First, Defendants argue that none of the misrepresentations alleged by Plaintiff was ever made.  Affidavits submitted by Hardy and Keith Lim, chief operations officer of Marksmen, directly conflict with the deposition testimony of Denis on this point.  *See* Defs.' App. at 1-2, 14-15; Pl.'s App. at 16-17, 19.  Defendants vehemently deny making statements that Covidien was a "small mom and pop shop" that "did not have a lot of money."  Denis, on the other hand, indicated at his deposition that Hardy made these representations to him over the phone and that she specifically informed him that her client was not in the healthcare industry.  As there is a clear fact question here, the court cannot grant summary judgment on the basis that the alleged misrepresentations were never made.

Second, Defendants argue that even if these representations were made, they do not qualify as "material," therefore defeating Arisma's fraud claims.  In particular, Defendants assert that the phrases "small mom and pop shop" and "did not have a lot of money" are too vague to be properly counted as material.  The court agrees only in part.  If these were the only statements alleged to have been made, the court would conclude that they were indeed too vague to be material.  Both statements, without more, would have undoubtedly resulted in further inquiry to determine exactly the kind of buyer with which Arisma was dealing.  There is more, however.

Arisma contends that it impressed upon Hardy that whether the buyer was involved in the healthcare business was of the utmost importance in making its decision to sell the "covidien.com" domain name.  Although the affidavits submitted by Defendants deny making the statements "small

mom and pop shop" and "did not have a lot of money," the affidavits do not explicitly deny making the representation that the buyer was not involved in the healthcare business. Although Defendants do argue that there is no evidence that Covidien competes with Arisma's companies, this is tangential to the fact that Covidien is involved in healthcare and that Denis allegedly expressed concern to Hardy about selling the domain name to a healthcare entity. If Denis did communicate this concern to Hardy in their phone conversations, then he made it a material component of the transaction and put her on notice that this was a material issue. If Hardy then represented that the buyer was not involved in healthcare, then she made a material representation.

### 2.    Falsity

Defendants argue that Arisma cannot prove that any of Hardy's alleged representations were false. The court disagrees. Arisma alleges that Hardy represented that the buyer (Covidien) was not involved in healthcare. As discussed in the preceding subsection, the court determines that this representation qualifies as material. It is undisputed that Covidien is involved in healthcare. The court therefore determines that Defendants are not entitled to judgment as a matter of law on this basis.

### 3.    Knowledge of Falsity or Reckless Disregard for Truth

Defendants contend that Hardy and Marksmen had no knowledge of the buyer's identity until after the sales transaction with Arisma was completed. They have submitted extensive evidence in the form of deposition testimony and affidavits to support their position, and the court finds the evidence persuasive. It is clear to the court that Marksmen is a company that specializes in acquiring intellectual property on behalf of an anonymous buyer. Interbrand hired Marksmen specifically for this purpose, to keep the identity of the buyer and its affiliation with Tyco a secret.

The court sees no fraud in this arrangement, and concludes that Marksmen and Hardy had no knowledge that the buyer was involved in healthcare when the alleged representations were made. The court does determine, however, that if Denis represented to Hardy his concern that the prospective buyer was involved in healthcare, then an alleged affirmative response to the contrary by Hardy qualifies as recklessly made without knowledge of the truth. Accordingly, Defendants are not entitled to judgment as a matter of law on this point.

### 4.   Intent That Plaintiff Would Act and Rely Upon the Representation

Defendants argue that there is no evidence to establish an intent for Plaintiff to act and rely upon Hardy's alleged representations. In keeping with its foregoing analysis, the court is unpersuaded by this argument. If Hardy truly did represent to Denis that the buyer was not a healthcare entity after being put on notice that such information was material, then it is difficult to believe that she made the representation for any other reason than to assuage Denis's concerns and ultimately effect the sale of the "covidien.com" domain name. Such sale is ultimately what transpired, ostensibly based on Denis's understanding that the buyer was disconnected from healthcare markets. The court cannot grant summary judgment on this point.

### 5.   Injury

Defendants contend that Arisma cannot establish injury from any alleged misrepresentations that took place, causing its claims to fail. Arisma argues that it sustained injury insofar as it lost its legal right to the use and enjoyment of the "covidien.com" domain name in addition to the opportunity to sell the domain name for more money. Specifically, in its interrogatory responses, Arisma stated that its injuries consisted of (1) the lost ability to use the name "Covidien"; (2) having to stop the development of software it had intended to brand under the name "Covidien"; and (3)

insufficient compensation for the true value of the domain name "covidien.com." Defs.' App. at 60. The court will address these alleged injuries in turn.

First, Arisma speculates that it suffered injury from Covidien's federal trademark of the "Covidien" name, but it has provided no evidence that it has suffered such injury.  At his deposition, Denis  made clear that Arisma never sought a trademark for the "Covidien" name after registering the "covidien.com" domain name in February 2005.  *Id.* at 27-28.  Furthermore, Denis, Arisma's president, provided testimony that Arisma had not done business under the "Covidien" name and instead used the company name "Cendien" for its business.  *Id.* at 27.  The court cannot view loss of the "Covidien" name as a cognizable injury without some sort of concrete, pecuniary harm accompanying it.  *See Kennard v. Indianapolis Live Ins. Co.*, 420 F. Supp. 2d 601, 612 (N.D. Tex. 2006) ("[P]laintiff must show that he will sustain 'serious and irreparable pecuniary injury' unless rescission is granted.") (citation omitted); *Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 580 (Tex. 2001) ("The plaintiff must have incurred pecuniary loss [from the fraud].").

Arisma relies on a 1976 Texas Court of Civil Appeals case for the proposition that "there are some situations where there may be rescission without showing monetary loss."  *Grundmeyer v. McFadin*, 537 S.W.2d 764, 769 (Tex. Civ. App.–Tyler 1976, write ref'd n.r.e.).  In stating this proposition, however, the *Grundmeyer* court relied on an older Texas Supreme Court case and a Texas Commission of Appeals case whose opinion was adopted by the Texas Supreme Court.  *See Russell v. Indus. Transp. Co.*, 258 S.W. 462 (Tex. 1924); *Nance v. McClellan*, 89 S.W.2d 774 (Tex. 1936).  The *Russell* court held that, although the full extent of pecuniary loss need not always be proved, "some pecuniary injury is essential to an action to rescind a contract for fraud . . . ."  *Russell*, 258 S.W. at 465.  The *Nance* court articulated two exceptions to this general rule.  One exception

occurs when "the property received by the buyer is different in physical identity from the property which he contracted to buy or which he was induced by the seller's representations to believe he was buying." *Nance*, 89 S.W.2d at 776. The other exception occurs when "the property is, with knowledge on the part of the seller, purchased by the buyer for a particular use and is fraudulently represented by the seller to be suitable, but in fact is wholly or substantially unfit, for such use." Arisma does not fit either exception.

It is apparent that the *Nance* court contemplated these exceptions for the benefit of the buyer, not for the seller. Even if Arisma wishes to characterize itself as a buyer that was wrongfully induced into "buying" $13,000 in exchange for its "covidien.com" domain name, the evidence shows that Arisma physically received the $13,000 amount through the escrow arrangement, minus the nominal escrow fee. The amount Arisma actually received did not physically differ from the amount Arisma believed it was going to receive in exchange for the "covidien.com" domain name; the contract was simply executed pursuant to its negotiated terms. The other exception is inapposite, as Arisma received money from the transaction, which is a fungible asset not restricted to a particular use.

Second, the court cannot understand how no longer having use of the "Covidien" name would halt all development on software intended for use in healthcare markets. No longer being able to brand the software under the "Covidien" name may be one issue, but to say that Arisma is unable to continue development under a new brand name is legally unsupportable. This is especially true in light of Denis's deposition testimony, where he indicated that Arisma was not even using the "Covidien" name before this lawsuit arose. His testimony stated that previous application sales were under the company name "Cendien," and that "Covidien" had not yet been employed. (*Id.* at 30-31).

**Memorandum Opinion and Order – Page 11**

Arisma's only use of "Covidien" was in the form of its domain name for a company website, which it later sold to Interbrand and is now suing to reacquire.  Other than mere speculation, which is not competent summary judgment evidence, Arisma has not shown that it incurred any costs or had any concrete plans to implement the "Covidien" name through an extensive branding process.  Furthermore, there is no evidence that branding the software application under a name different from "Covidien" would be any less successful than one with that name.

Third, as to Arisma's argument that it did not receive the "true" value of the "covidien.com" domain name, the court has no evidence before it to support what precisely that "true" value is.  By Plaintiff's own admission, "market price is an illusive term because no one knows what price Arisma would have sold the domain name for, or whether it would have sold at all . . . ."  Pl.'s Resp. Br. at 12.  Arisma has produced no evidence of a willing buyer in the healthcare market offering to  pay more for the "covidien.com" domain name than it actually received from Interbrand; it has produced no evidence of pecuniary loss resulting from a failed branding process of the "Covidien" name in its software applications that it is now precluded from using; it has produced no evidence showing the amount of additional income it would have obtained from its healthcare markets had it been able to retain the "covidien.com" domain name; and it has produced no evidence showing a pecuniary loss from those same markets as a result of Covidien's ultimate acquisition of the name.  Arisma has not shown even the minimum amount of pecuniary loss required under *Russell* from its dealings with Defendants.  Its only "evidence" consists of speculation and conclusory statements.  Accordingly, Arisma has failed to establish a required element of fraud, and has failed to create a genuine issue of material fact as to its claims for fraudulent misrepresentation and fraudulent inducement; Defendants Trout & Zimmer, Hardy, and Marksmen are entitled to judgment as a matter of law.

**Memorandum Opinion and Order – Page 12**

### B.        Fraud By Nondisclosure Claim

Arisma argues that Hardy committed fraud by nondisclosure when she did not correct her alleged prior representation to Denis that the buyer was a healthcare entity after she learned the truth on January 19, 2007.  As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information.  *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001) (citing *Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998)).  Arisma argues that Hardy owed such a duty because she discovered the new information that made her alleged earlier representation (that the buyer was not a healthcare entity) misleading and untrue.  *See Lesikar v. Rappeport*, 33 S.W.3d 282, 299 (Tex. App.–Texarkana 2000, pet. denied) (holding that a duty to disclose exists where an earlier representation is rendered misleading or untrue by new information).  This is a fact question, because Arisma has produced evidence that such material representation was made, while Defendants have produced evidence to the contrary.  The court cannot weigh the credibility of the parties on this matter and grant summary judgment on this point.

Assuming that such a duty could be proved, however, fraud by nondisclosure occurs under Texas law when (1) a party conceals or fails to disclose a material fact within its knowledge; (2) the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the party intends to induce the other party to take some action by concealing or failing to disclose the fact; and (4) the other party suffers injury as a result of acting without knowledge of the undisclosed fact.  *Bradford*, 48 S.W.3d at 754-55.

Like its claims for fraudulent misrepresentation and fraudulent inducement, fraud by nondisclosure also requires a showing of injury to prevail.  The court's injury analysis above is applicable to Plaintiff's fraud by nondisclosure claim.  Incorporating by reference that same analysis

here, the court determines that Arisma has presented no evidence to overcome its burden.  In other words, it has failed to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.  Accordingly the court must grant Defendants Trout & Zimmer, Inc., Marksmen, Inc. and Kelly Hardy's Motion for Summary Judgment

### C.    Conspiracy, Respondeat Superior, Single Business Enterprise

The court, in its preceding analysis, has determined that the alleged fraud perpetrated by Hardy cannot be established.  Arisma's theories of liability—including conspiracy, respondeat superior, and single business enterprise—against Trout & Zimmer and Marksmen cannot attach without an underlying claim.  Here, Arisma argues that the underlying claim is a fraud committed by Hardy, a fraud which Arisma cannot establish.  The court therefore rejects these theories of liability against Trout & Zimmer and Marksmen.

## IV.    Defendants' Other Motions

### A.    Motion for Summary Judgment

The court now turns to the Motion for Summary Judgment of Defendants Covidien, Inc., Covidien AG, TYCO International (US), Inc., and Interbrand Corporation.  Arisma brings two theories of liability against Covidien, Covidien AG, Tyco, and Interbrand arising out of the alleged fraud perpetrated by Hardy: agency and conspiracy.  As its preceding analysis has determined that the alleged fraud cannot be established, the court concludes that Arisma's agency and conspiracy theories must fail for the same reason as above: there is no underlying claim that Arisma can establish.  Unless Plaintiff can first establish a claim against an agent, it cannot impute that claim to the agent's principal.  Plaintiff has failed to establish a claim against Hardy and cannot now

impute that claim against the other Defendants, even if the court were to presume that they are Hardy's principal.  Further, as to Arisma's conspiracy theory, Texas law requires that damages be suffered as the proximate result.  *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Texas, Inc.*, 975 S.W.2d 546, 553 (Tex. 1998).  Incorporating its above analysis as to Arisma's injury, the court determines that, even if an underlying claim could be established, Arisma still has not presented any evidence of damages from the alleged conspiracy.  Accordingly, Arisma has failed to establish a required element of civil conspiracy, and has failed to create a genuine issue of material fact as to the injury requirement for its claims for fraudulent misrepresentation, fraudulent inducement, and fraud by nondisclosure.  Because no underlying claim can be established, Arisma's agency theory fails as well.  Defendants Covidien, Covidien AG, Tyco, and Interbrand are therefore entitled to judgment as a matter of law.

### B.    Motions to Strike

Defendants filed two motions on October 23, 2009: (1) Defendants' Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence and (2) Defendants' Objections and Motion to Strike and Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. These motions challenge the majority of Arisma's documents attached as appendices to its response to Defendants' motions for summary judgment.  Specifically, Defendants argue that the objected-to documents are not properly authenticated, contain hearsay, or violate the best evidence rule.  The court found it unnecessary to consider the objected-to documents in its foregoing analysis granting summary judgment.  Furthermore, as the court made its determination in this case based on the lack of evidence presented by Arisma to show injury, the ruling would have been the same even if it had

considered all submitted evidence.  Accordingly, the objections are **overruled** and both motions are **denied as moot.**

V.    <u>Conclusion</u>

For the reasons stated herein, the court determines that no genuine issue of material fact exists with respect to any of the claims asserted by Plaintiff.  Accordingly, the court **grants** Defendants Trout & Zimmer, Inc., Marksmen, Inc. and Kelly Hardy's Motion for Summary Judgment and **grants** [the] Motion for Summary Judgment of Defendants Covidien, Inc., Covidien AG, TYCO International.  All of Arisma's fraud-based claims and theories of liability against Defendants are **dismissed with prejudice**.  Additionally, the court **overrules and denies as moot** both Defendants' Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence and Defendants' Objections and Motion to Strike and Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, as the objected-to evidence was unnecessary in the court's determination in this case.

**It is so ordered** this 30th day of October, 2009.

Sam A. Lindsay
United States District Judge